O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ROBIN INVESTMENT, INC., | Case No. 2:14-cv-1312-ODW(VBKx) |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO** |
| JAVIER BARRAGAN and LOURDES | **LOS ANGELES COUNTY** |
| BARRAGAN, | **SUPERIOR COURT** |
| Defendants. | |

On February 20, 2014, Defendants removed this action from Los Angeles County Superior Court for the second time. (ECF No. 1.) This is a run-of-the-mill, state-law, unlawful-detainer action. The last time this action was removed, this Court made clear that, as a matter of law, Defendants cannot establish federal subject-matter jurisdiction. Nothing has changed since then. Therefore, the Court **REMANDS** this action back to Los Angeles County Superior Court and **ORDERS** Defendants Javier Barragan and Lourdes Barragan not to remove it again.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But

1 courts strictly construe the removal statute against removal jurisdiction, and federal
2 "jurisdiction must be rejected if there is any doubt as to the right of removal in the
3 first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party
4 seeking removal bears the burden of establishing federal jurisdiction. *Durham v.
5 Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at
6 566).

7 Federal courts have original jurisdiction where an action presents a federal
8 question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.
9 To exercise diversity jurisdiction, a federal court must find complete diversity of
10 citizenship among the adverse parties, and the amount in controversy must exceed
11 $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

12 Nothing has changed since Defendants filed their first Notice of Removal. It is
13 axiomatic that a federal defense will not support federal subject-matter jurisdiction.
14 *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled
15 law that a case may not be removed to federal court on the basis of a federal defense."
16 (internal quotation marks omitted)); *see also* 28 U.S.C. § 1441(a) (allowing removal
17 only where the district court would have had original jurisdiction). Therefore, none of
18 the allegations in Defendants' present Notice of Removal that could be construed as
19 defenses support federal subject-matter jurisdiction over this action.

20 And neither does an unlawful-detainer action give rise to a federal question.
21 *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept.
22 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of
23 action that is purely a matter of state law. Thus, from the face of the complaint, it is
24 clear that no basis for federal question jurisdiction exists.").

25 Furthermore, the amount in controversy does not exceed the diversity
26 jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). "In actions
27 seeking declaratory or injunctive relief, it is well established that the amount in
28 controversy is measured by the value of the object of the litigation." *Cohn v.*

1  *Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple
2  Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  And in unlawful-detainer actions, the
3  title to the property is not the object of the litigation—only the right to possession.
4  *See Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (Ct. App. 1977).  The amount in
5  controversy in an unlawful-detainer action is therefore determined by the amount of
6  damages sought in the complaint—here, less than $10,000—not by the value of the
7  subject property.  *Id.*

8  The Court understands that Defendants feel aggrieved.  But this Court has only
9  limited jurisdiction—jurisdiction which can never, as a matter of law, reach
10 Defendants' defenses in this removed action.  Rather, Defendants may raise those
11 defenses, if any, before the Los Angeles County Superior Court.

12 The Court again orders Defendants not to remove this case again.  If this case is
13 removed again, the Court will impose a $1,000 monetary sanction against Defendants
14 for violation Federal Rule of Civil Procedure 11(b) plus such other sanctions as this
15 Court may deem necessary.  *See* Fed. R. Civ. P. 11(c).

16 The Court finds once again that it lacks federal subject-matter jurisdiction and
17 **REMANDS** this action to Los Angeles County Superior Court, case number
18 13P00569.  The Clerk of Court shall close this case.

20 **IT IS SO ORDERED.**
21 March 14, 2014

                                    _____
24                                   **OTIS D. WRIGHT, II**
                                    **UNITED STATES DISTRICT JUDGE**

28 cc: order, docket, remand letter to
   Los Angeles Superior Court, Northeast District,
   Pasadena, No. 13P00589

3